```
                    UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION
```

DARION FELLS                                              PETITIONER

VERSUS                        CRIMINAL ACTION NO. 5:07cr22-DCB-JCS-1
                                CIVIL ACTION NO. 5:08cv257-DCB

UNITED STATES OF AMERICA                                  RESPONDENT

**ORDER**

This matter comes before the Court on the petitioner's Motion for the Government to File a Rule 35(b) [criminal docket entry no. 14], Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [criminal docket entry no. 15], and Motion to Amend the Motion to Vacate [criminal docket entry no. 17]. Also before the Court is the petitioner's Motion to Withdraw [criminal docket entry no. 26] his previously-filed Motion to Correct the Record [criminal docket entry no. 25]. Having considered the motions, memoranda in support and opposition thereof, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

On January 22, 2008, Darion Fells ("Fells" or "petitioner") pled guilty to one count of knowingly and intentionally distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). Fells was sentenced to a 65-month term of imprisonment to be followed by a four-year term of supervised release. Since his sentencing, Fells has filed multiple motions seeking various

forms of relief. The Court considers severally each of Fells' outstanding motions.

On July 30, 2008, Fells filed a motion asking this Court to compel the government to file a Rule 35(b) motion as consideration for assistance Fells provided to the government following his arrest. In opposition, the government argues (1) that the language of Rule 35(b) makes Fells ineligible for a reduction; (2) that the government is not obligated to make a Rule 35 motion based on Fells' stipulation in his plea agreement that the government has the sole discretion to decide whether to file Rule 35 motions; and (3) that Fells is ineligible for a reduction in his sentence because he has already received consideration for the cooperation described in his motion.

Federal Rule of Criminal Procedure 35(b) permits the Court to reduce a defendant's sentence, upon the government's motion, "if the defendant, <u>after sentencing</u>, provided substantial assistance in investigating or prosecuting another person." (emphasis added). Here, Fells asks that the government be required to recommend a sentence reduction as consideration for assistance Fells provided to the government after he was arrested but before he was sentenced. Under the plain language of Rule 35, such assistance does not qualify for a Rule 35 reduction. Furthermore, the Court finds merit in the government's position that the defendant has already received consideration for this cooperation and is not

2

entitled to further credit for it.  At sentencing, the government made a motion for a one-level downward departure, such motion being granted by the Court.  The Court is not persuaded by the defendant's argument that he should have received a three- to four-level reduction for the assistance provided.  As stipulated in Fells' plea agreement, the discretion whether to file a motion for downward departure rests in the solely in the government.  It necessarily follows then that it is within the government's discretion to evaluate the assistance provided by the defendant and to recommend a downward departure accordingly.  Considering these things, the Court does not find the petitioner's motion to be well-taken.

Also before the Court is Fells' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  Therein, Fells makes the following arguments in support of his motion:

- **Ground One**: Ineffective Assistance of Counsel. Fells alleges that his sentencing counsel was ineffective for failing to investigate his criminal history, failing to object to his criminal history points, failing to perfect the record on appeal, and failing to preserve the issue of his criminal history for appeal.

- **Ground Two**: Incorrect Criminal History Category. Fells argues that he is entitled to relief because the Presentence Investigation Report incorrectly reflects his criminal history category as IV instead of III.

In its response, the Government contends that these allegations of error are without merit.  The Government first argues that Fells is

procedurally barred from bringing this action based on certain waivers contained in the plea agreement. Second, the Government contends that Fells' claims lack substantive merit. The Court considers severally each party's arguments.

The Government first argues that Fells' § 2255 motion should be denied because it is procedurally barred. Specifically, the Government points to the fact that, in his plea agreement, Fells waived the right to collaterally attack his sentence. Fells' plea agreement contained several waivers, including:

> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea Agreement ¶16(a-b).

"An informed and voluntary waiver of § 2255 relief in a plea agreement is effective to bar such relief." United States v. Heredia, 1995 WL 581683 (5th Cir. Sept. 1, 1995) (unpublished) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)). The only claims that survive a knowing and voluntary waiver are those of ineffective assistance of counsel which affects the validity of the plea itself or the waivers contained in the plea agreement. United States v. White, 307 F.3d 336, 339 (5th Cir.

4

2002). Although Fells does assert an ineffective assistance of counsel claim, he does not argue that the waiver provisions contained in the plea agreement were unknowing or involuntary. Accordingly, the Court finds that Fells has waived his right to bring the instant § 2255 motion, and the motion is denied.[1]

Fells also requests an evidentiary hearing on his § 2255 motion. "A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (citing United States v. Auten, 632 F.2d 478 (5th Cir. 1980)). Since the Court concludes that Fells' motion, the files, and the records in this case clearly show that he is not entitled to relief, Fells' request for an evidentiary hearing is denied.

Finally, Fells moves the Court to withdraw his previously-filed Motion to Correct the Record. The Court finds Fells' motion to be well taken, and the previously filed motion will be withdrawn.

**IV. CONCLUSION AND ORDER**

Based upon the foregoing analysis, the Court rules as follows:

---

[1] On August 7, 2008, Fells filed a Motion to Supplement his original § 2255 motion. The Court has considered the information that Fells proposes to provide in a supplemental brief and concludes that such information would not be relevant to the disposition of his motion. As such, Fells' motion to supplement is denied.

**IT IS HEREBY ORDERED** that the petitioner's Motion for Government to File a Rule 35(b) [docket entry no. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Vacate, Set Aside or Correct Sentence [docket entry no. 15] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Supplement § 2255 Motion [docket entry no. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Withdraw [docket entry no. 26] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Correct the Record [docket entry no. 25] is **WITHDRAWN.**

**SO ORDERED**, this the 22nd day of July 2009.

                                                         s/ David Bramlette

                                                UNITED STATES DISTRICT JUDGE