```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                           WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION NO. 5:07cr22

DARION FELLS                                                  DEFENDANT

**ORDER**

This matter comes before the Court on Defendant Darion Fell's Motion to Amend Judgment [docket entry no. 23] filed on April 20, 2009. In his motion, the defendant asks this Court to amend its May 16, 2008, judgment by recommending to the Bureau of Prisons that the defendant participate in the 500 hour Residential Drug Abuse Program. On July 13, 2009, the Court ordered the United States Attorney and the United States Probation Office to file responses to the defendant's motion. On July 14, 2009, the United States Attorney filed a Response [docket entry no. 28] stating that the Government does not object to the defendant's request for participation in the 500 hour drug treatment program.

The Court construes the defendant's Motion to Amend Judgment as a challenge to the execution of his sentence pursuant to 28 U.S.C. § 2241. United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990)(stating that a defendant's attack on the "extent to which his sentence has been executed" rather than on his conviction or the validity of the sentence must be addressed under 28 U.S.C. § 2241). This Court does have jurisdiction over the defendant because he is incarcerated in the Federal Correctional Complex in

Yazoo City, Mississippi, which is located in the Western District of Mississippi.  Id. at 78 (holding that district court must have jurisdiction over defendant to entertain § 2241 habeas petition). The exhaustion of administrative remedies is a prerequisite to filing a § 2241 petition.  United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992)(citations omitted).  However, because the government's brief does not address whether the defendant has exhausted his administrative remedies, this requirement is waived. Id.

In the case at bar, the government does not object to the defendant's motion.  Furthermore, the defendant's submits that he has a substance abuse problem.  For these reasons, the Court finds the defendant's motion to be well-taken.  Therefore, this Court recommends to the Bureau of Prisons that Defendant Darion Fells participate in the 500 hour Residential Drug Abuse Program.

Despite this recommendation, the Court notes that the Bureau of Prisons has sole authority "to select those prisoners who will be best served by participation in such programs." Jones v. United States, 2007 WL 2492452, *2 (N.D. Ohio 2007)(citing United States v. Jackson, 70 F.3d 874, 877 (6th Cir. 1995)).  Pursuant to 28 C.F.R. § 550.50 *et seq.*, the Bureau of Prisons is responsible for the selection and placement of inmates in drug abuse treatment programs.  Id. at *2.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Amend

Judgment [docket entry no. 23] is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 12th day of January 2010.

<u>s/ David Bramlette</u>

**UNITED STATES DISTRICT COURT**